[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16084
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

Agency No. A074-995-814

DIEGO ALEXANDER GRAJALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 9, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Colombia, S.A.  He was admitted to the

United States for a six-month's period in 1996, and remained without authorization. In July 2003, the Department of Homeland Security served him with a notice to appear, charging him with removability. In September 2004, long after the time for filing an application for asylum had expired, he applied for asylum, withholding of removal, and relief under the U.N. Convention Against Torture ("CAT"). He subsequently appeared before an Immigration Judge ("IJ"), admitted the charge in the notice to appear, and presented evidence in support of his application for asylum and related relief. The IJ found his asylum application untimely, denied all relief, and ordered him removed.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA agreed that petitioner's asylum application was untimely, and turning to the issues of withholding of removal and CAT relief, held that petitioner's evidence of "threats and harassment alone [at the hands of the FARC] did not constitute past persecution and that he failed to establish an objectively reasonable fear of persecution or harm in the future." The BIA noted that members of petitioner's family remain unharmed in Colombia and that the last threat he received from the FARC was in 2003. The BIA therefore dismissed the appeal, on May 15, 2008.

On July 11, 2008, petitioner moved the BIA to reopen his removal proceedings so he could present new material evidence which he said was

2

previously unavailable and undiscoverable at the time of his removal hearing before the IJ. On September 29, 2008, after considering the evidence petitioner presented, the BIA denied his motion, finding that he had failed to present prima facie claims for relief from removal. He now petitions this court for review, challenging the BIA's denial of his motion to reopen. He contends that he presented to the BIA a prima facie case of eligibility for withholding of removal and CAT relief, and that the BIA failed to give careful, individualized consideration to the merits of his motion and to articulate a compelling reason for denying his motion.

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted). A motion to reopen "shall state the new facts that will be proven at a [new] hearing," but "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Motions to reopen are disfavored, especially in removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992). The BIA may deny an applicant's motion to reopen on at least three independent

3

grounds: (1) failure to establish a prima facie case of eligibility for relief, (2) failure to introduce material, previously unavailable evidence, and (3) the statutorily eligible alien is not entitled to a favorable exercise of discretion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). The applicant "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." Ali, 443 F.3d at 813 (quotation and alterations omitted).

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of his political opinion, race, religion, nationality, or membership in a particular social group. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "The alien bears the burden of demonstrating that it is more likely than not [he] will be persecuted or tortured upon being returned to [his] country." Sepulveda v. U.S. Att'y Gen, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted). We have recognized that persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Id. at 1231 (quotations and alteration omitted).

In order to demonstrate that he is eligible for CAT relief, an applicant must establish that it is "more likely than not that he or she would be tortured if removed

to the proposed country of removal." Al Najjar, 257 F.3d at 1303 (quoting 8

C.F.R. § 208.16(c)(2)).  "Torture" is defined as:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. 208.18(a)(1).

Here, the BIA did not abuse its discretion in finding that petitioner

failed to present prima facie claims that he was eligible for withholding of

removal and CAT relief; thus, it did not abuse its discretion in denying his

motion to reopen his removal proceedings.  Moreover, his claim that the

BIA abused its discretion by failing to give his motion careful,

individualized consideration and failing to articulate a compelling reason for

denying his motion is meritless.

PETITION DENIED.

5